UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD MOORE, #379881** | **CIVIL ACTION** |
| **versus** | **NO. 10-4497** |
| **TERRY TERRELL, WARDEN,** <br> **ALLEN CORRECTIONAL CENTER** | **SECTION: "S" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Edward Moore, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On June 3, 2005, he was convicted under Louisiana law of distribution of cocaine within one thousand feet of a school.[1] On June 13, 2005, he pleaded guilty to being a

---

[1] State Rec., Vol. I of III, transcript of June 3, 2005, p. 21; State Rec., Vol. I of III, minute entry dated June 3, 2005.

third offender and was sentenced as such to a term of thirty-five years imprisonment.[2] On April 11, 2007, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction and sentence.[3] He did not seek review of that judgment by the Louisiana Supreme Court.

On or after December 29, 2008, petitioner filed with the state district court an application for post-conviction relief.[4] That application was denied on June 8, 2009.[5] Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on August 17, 2009,[6] and by the Louisiana Supreme Court on August 18, 2010.[7]

---

[2] State Rec., Vol. I of III, transcript of June 13, 2005, pp. 7-14; State Rec., Vol. I of III, minute entry dated June 13, 2005. On that same date, petitioner also pleaded guilty to a separate offense of possession of cocaine, and he was sentenced on that conviction to a concurrent term of five years imprisonment. State Rec., Vol. I of III, transcript of June 13, 2005, pp. 14-17. If petitioner is also challenging that conviction or sentence in this proceeding, that challenge is likewise untimely because more than one year elapsed untolled between the time that conviction and sentence became final and the time this petition was filed.

[3] State v. Moore, 958 So.2d 36 (La. App. 5th Cir. 2007) (No. 06-KA-875); State Rec., Vol. II of III.

[4] State Rec., Vol. II of III. Although that application was stamped by the court as filed on February 5, 2009, that date is not necessarily the "filing date" for the purposes of this federal proceeding. Rather, the United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was mailed to the court with an accompanying cover letter dated December 29, 2008; therefore, the application was obviously placed in the mail no earlier than that date.

[5] State Rec., Vol. II of III, Order dated June 8, 2009.

[6] State v. Moore, No. 09-KH-580 (La. App. 5th Cir. Aug. 17, 2009); State Rec., Vol. II of III.

[7] State *ex rel.* Moore v. State, 42 So.3d 394 (La. 2010) (No. 2009-KH-2046); State Rec., Vol. II of III.

On November 22, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[8] The state contends that petitioner's federal application is untimely.[9] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10]

As noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence on April 11, 2007. Therefore, at the latest, the underlying state criminal judgment in this case became final on May 11, 2007, when petitioner's thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the judgment of the Court of Appeal.

---

[8] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on November 22, 2010, which is the earliest date he could have presented it to prison officials for mailing.

[9] Rec. Doc. 9.

[10] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.
  Out of an abundance of caution, the Court also notes that it is aware that petitioner had two years in which to seek post-conviction relief under state law. La.C.Cr.P. art. 930.8(A). However, if he is under the impression that the AEDPA's one-year limitations period did not commence until that longer two-year state limitations period concluded, he is clearly incorrect. See, e.g., Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that Flanagan's conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); Rolland v. Prince, Civ. Action No. 10-3883, 2011 WL 1675174, at *3-4 (E.D. La. Apr. 1, 2011) (Chasez, M.J.), adopted, 2011 WL 1597547 (E.D. La. Apr. 25, 2011) (Lemmon, J.).

- 3 -

McGee v. Cain, 104 Fed. App'x 989, 990-91 (5th Cir. 2004); Louisiana Supreme Court Rule X, § 5(a); see also Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on May 12, 2008,[11] unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the period from May 11, 2007, through May 12, 2008.[12] Therefore, he clearly is not entitled to statutory tolling.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

[11] Because May 11, 2008 was a Sunday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[12] The Court notes that petitioner filed a post-conviction application on or after December 29, 2008. However, such applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before May 12, 2008, in order to be timely. His federal application was not filed until November 22, 2010, and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Edward Moore be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

      New Orleans, Louisiana, this nineteenth day of May, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.